IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

vs.

BETHANY VARGAS,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW the Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM"), by and through its undersigned attorneys, and files this action for declaratory judgment pursuant to 28 U.S.C. §2201 and §1332 and would state:

### Jurisdiction

1. This is an action for declaratory relief pursuant to 28 U.S.C. §2201.

2. STATE FARM is an insurance company incorporated in the State of Illinois with its principal place of business in Bloomington, Illinois.  Accordingly, STATE FARM is a citizen of Illinois.

3. Defendant BETHANY VARGAS resides in and is domiciled in the State of Florida and/or the State of Colorado.  Accordingly, BETHANY VARGAS is a citizen of Florida and/or Colorado.

4. In this action, STATE FARM seeks a declaration of its rights and obligations under an insurance policy issued to James M. Nicholas, the resident father of the Defendant.  The Defendant claims entitlement to Underinsured Motorist benefits under

the policy. The limits under the disputed insurance policy are $250,000.00 per person, which amount has been demanded by the Plaintiff.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332, because the parties are of diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney's fees.

6. All conditions precedent to the filing of this action have occurred, been performed or waived.

## Venue

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the Defendant resides in Brevard County, Florida, the policy was issued in Brevard County, Florida and a substantial part of the events giving rise to this action occurred in this District.

## Complaint for Declaratory Relief

8. STATE FARM issued a policy of automobile insurance to James M. Nicholas in Satellite Beach, Brevard County, Florida ("The Policy"). A certified copy of The Policy is attached hereto as Exhibit "A".

9. On or about September 2, 2021, the Defendant was involved in an automobile accident in the State of Kansas and sustained bodily injuries.

10. The Policy was in effect on September 2, 2021.

11. The described vehicle on The Policy is a 2019 Toyota Rav 4.

12. At the time of the automobile accident, the Defendant was driving a 2019 Dodge Ram 2500 owned by her father, James M. Nicholas.

13. The uninsured motor vehicle coverage on the policy is "non-stacking" coverage.

14. On July 29, 2020, the named insured, James M. Nicholas, signed a form rejecting "stacking" coverage and selecting "non-stacking" coverage. A copy of the form rejecting "stacked" coverage is attached hereto as Exhibit "B." Subsequent to July 29, 2020, The Policy was renewed without any changes to coverages, vehicles or the named insured through the date of the accident.

15. The Amendatory Endorsement to The Policy (form 6128S.1) contains the following exclusion:

> THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY*:
>
> a.  WHILE *OCCUPYING* A VEHICLE *OWNED BY YOU* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*;

16. The policy defines "YOU" as the named insured on the declarations page. The named insured on the declarations page is James M. Nicholas.

17. The policy defines "YOUR CAR" as the vehicle shown on the declarations page. The vehicle shown on the declarations page is a 2019 Toyota Rav 4.

18. The policy defines "NEWLY ACQUIRED CAR" as a car newly owned by the named insured, but which ceases to be a "NEWLY ACQUIRED CAR" upon the effective date and time of a policy which insures that car.

19. At the time of the accident, the Defendant was occupying a 2019 Dodge Ram 2500 owned by the named insured, James M. Nicholas. That vehicle was separately insured by STATE FARM under a different policy issued in the State of Colorado. Therefore, the Defendant was occupying a vehicle owned by "you" (the named insured)

that is not "your car" (the Toyota Rav 4) or a "newly acquired car." Accordingly, the exclusion applies and there is no uninsured motorist coverage for this accident under The Policy.

20. The exclusion quoted above is consistent with Florida Statute §627.727(9)(b) and (d).

21. The exclusion quoted above is also described on the selection/rejection form signed by the named insured and attached hereto as Exhibit "B."

WHEREFORE the Plaintiff, STATE FARM, requests that this Court enter a judgment declaring that there is no uninsured or underinsured motorist coverage under The Policy that would provide coverage or benefits to the Defendant, BETHANY VARGAS, for the automobile accident of September 2, 2021, and grant other such further relief as the Court deems just under the circumstances.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ David Krouk
DAVID B. KROUK, ESQ.
Florida Bar No.: 0949840
dkrouk@butler.legal
APRIL L. JOHNSON, ESQ.
Florida Bar No: 85071
ajohnson@butler.legal
Secondary:  llopez@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:  (813) 281-1900
Facsimile:   (813) 281-0900
*Attorneys for Plaintiff, State Farm Mutual Automobile Insurance Company*